Giquel v. Daigre et al.

No. 2731.—E. Giquel *v.* M. C. Daigre et al.

A merchant who has supplied a minor with wearing apparel under the authorization and approval of the tutrix, may enforce the claim against the minor after emancipation, provided the same has not been included in the settlement of the tutrix's account, and the amount does not exceed the revenues of the minor. In such a case the tutrix has the right to bind the minor to the extent of the revenues, without the approval of a family meeting, and the minor having come into the possession of her estate is bound also.

APPEAL from District Court, parish of East Baton Rouge. *Posey,* J. *Barrow & Pope* and *Read & Goodale,* for plaintiff and appellee. *S. P. Greves* and *A. S. Herron,* for defendants and appellants.

Howell, J. This suit was brought in February, 1867, to recover of the defendants *in solido* the sum of $1149 82, the amount of an account for dry goods sold to them during the years 1865 and 1866. In an amended petition, plaintiff declares that at the time the account was made Miss Lucy Daigre, one of the defendants, was a minor under the tutelage of her mother, Mrs. M. C. Daigre, as natural tutrix; that the articles sold were for the use and benefit of said minor, being necessary for her maintenance in her position in life, and who has since been emancipated, and is now in the full possession and management of her property.

The defense is substantially a general denial, the daughter specially pleading her minority. Pending the suit she married J. C. Beard, who was made a party, and plaintiff having died, his administrator made appearance to represent him. Judgment was rendered against Mrs. Daigre for a part, and against Mrs. Beard for the balance of the account, from which the latter appealed, and plaintiff has asked that the judgment be made one *in solido* against the defendants.

The plaintiff assumed the burden, and accordingly offered evidence for the purpose of proving that the goods sold were for the use and benefit of the minor, and necessary and proper for her maintenance.

The account is made out against "Mrs. Mary C. Daigre and daughter, Lucy Daigre," and runs from November 4, 1865, to April 3, 1866. The articles are principally such as pertain to ladies' apparel; the sale, delivery and prices of which are proven; and the only question is the liability of the daughter for any part of the indebtedness.

Evidence was admitted, without objection, to show what items were bought by and for her, and charged under special instructions from both; and that during the time she and her brother were in possession, as owners, of considerable property, including a plantation under cultivation, and purchased by them prior to the date of the account sued on, under a judgment obtained by them against their mother; and cash and notes amounting to near twenty thousand dollars, transferred to them in further satisfaction of said judgment. These transactions and settlements with the mother and tutrix were ratified by the daughter after her emancipation, and some eight months before the institution of this suit, but about two months subsequent to the date of the last

item in plaintiff's account. There is no evidence and no pretense that the tutrix included any part of this indebtedness to the plaintiff in her settlement with her daughter. The district judge was satisfied that the articles shown to have been purchased by and for the daughter were necessary and proper purchases, considering her fortune, and were for her benefit; and, while there is no direct proof as to the resources of the minor, we do not feel authorized to disturb the judgment against her. It is not suggested that the sum ($661 13) allowed, caused her expenses to exceed her resources; and to us it does not seem very large, under the circumstances, for a young lady eighteen years of age, who is shown to be worth over twenty thousand dollars in productive property. In such matters we must rely, in a great measure, on the sound legal discretion and judgment of the judge *a quo*, who has the parties and witnesses before him, and can more readily determine the nature and extent of expenditures necessary and proper for a minor.

The purchases, in this instance, were authorized by the tutrix, and were such as could have been made, if not exceeding the resources of the minor, without the intervention of a family meeting and court; and as the tutrix has not charged the minor for them, the latter can be held responsible. C. C. 343, 1778; 18 An. 571.

If the tutorship still existed, there is little doubt that the plaintiff could, under the evidence, recover from the tutrix the value of the goods so furnished to the minor; but, as it is closed, and the latter has come into the enjoyment of her property in her own right, she is liable in law and equity. C. C. 1960.

The judgment of the lower court has done substantial justice between the parties, and is not in conflict with the law and jurisprudence relative to the protection of minors.

Judgment affirmed, with costs.